# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re:

Ani Roof LLC,

Debtor.

)
)
)
)
)
)
)
)

Case No. 25bk08670

Chapter 11

Hon. Timothy A. Barnes

## ORDER CONFIRMING MODIFIED SECOND AMENDED CHAPTER 11, SUBCHAPTER V PLAN OF REORGANIZATION

The Second Amended Chapter 11, Subchapter V Plan of Reorganization [Dkt. 56] filed by Ani Roof LLC (the "**Debtor**"), having been transmitted to creditors and equity security holders and as modified by the Debtor to improve treatment of Class 2 creditors at [Dkt. 90] (together with Dkt. 56, the "**Plan**"); and

It having been determined after hearing on notice that the requirements for confirmation of the Plan under 11 U.S.C. §1191 have been satisfied;

**IT IS ORDERED:**

1. The Plan, attached hereto as Exhibit 1, is confirmed, as modified by this Order, pursuant to §1191(a). The terms of the Plan and its exhibits are incorporated herein by reference and are an integral part of this Confirmation Order.

2. The Plan and all transactions, documents, instruments, and agreements referred to, contemplated, or executed and delivered in connection with the Plan and any amendments or modifications thereto are APPROVED and the Debtor is authorized to take any actions that may be necessary or appropriate for the implementation or consummation of the Plan.

3. The Debtor's Lease with Annexation, LLC ("**Annexation**") is assumed by the Debtor. All other executory contracts and leases are rejected. All rejection damages claims arising from the rejection of an executory contract must be filed with thirty (30) days of the Effective Date of the Plan or be forever barred, waived, and expunged.

4. The Debtor will make a payment to Power Construction LLC ("**Power**") of $675,000 (the "**Initial Contractor Payment**") within forty-five (45) days of the Effective Date, which will be fourteen days after the entry of this Confirmation Order. Within fifteen (15) days of the Initial Contractor Payment, any party who asserts or possesses a mechanic's or other statutory lien over the property located at 2032 N. Clyburn Avenue, Chicago, Illinois (the "**Development**") shall release and extinguish such lien(s) through the recording of a Release of Mechanic's Lien with the Cook County Clerk's Office and the taking of any other action required to release such lien(s) against the Development.

5. On the Effective Date, 100 percent of the interests in Ani Roof, LLC will be as follows:

   a. Class A Membership Interest: JPM Holdings, LLC (69.94%), Anixter Roof Investment, LLC (15.03%) and Jeffrey Kaplan (15.03%); and

   b. Class B Membership Interest: Ani Roof MGR LCC (100%).

6. Nothing in this Order shall prohibit Ani Roof, LLC from making future modifications in its ownership structure.

7. Pursuant to §1146(c), the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under the Plan, may not be taxed under any law imposing a stamp tax or similar tax.

8.  Substantial consummation of the Plan, within the meaning of §1101(2)(B) shall occur when Ani Roof makes the required payment to Annexation which will occur on or before thirty days after the Effective Date.

9.  The Bankruptcy Court shall retain jurisdiction over all matters and proceedings in the Reorganization Case in the manner and to the fullest extent provided in Section 11.06 of the Plan. Pursuant to Bankruptcy Rule 3020(d), notwithstanding entry of this Order, the Bankruptcy Court may enter all Orders necessary to administer the Debtor's estate.

10. Pursuant to §§1191(a) and 1141(d)(1), the Debtor shall be discharged of all debts provided for in §1141(d)(1)(A) except any debt (1) that is preserved in the Plan; or (2) is of the kind specified in §523(a).

11. **Notwithstanding anything contained in the Plan to the contrary, on the Confirmation Date and effective as of the Effective Date and to the fullest extent authorized by applicable law, all persons or entities who have held, hold, or may hold Claims (as that terms is defined in §101(5)) or interests that arose prior to the Effective Date that have been released pursuant to the Plan, compromised and settled pursuant to the Plan, or are exculpated pursuant to the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, against the Debtor, its property, or its retained professionals (collectively, the "Enjoined Actions"): (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled or exculpated Claim or interest; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against the Debtor on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or**

**interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against the Debtor or the property or the Estate on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from the Debtor or against the property of the Debtor on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or interests unless such entity has timely filed a proof of claim with the Bankruptcy Court preserving such right of setoff, subrogation, or recoupment; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or interests; provided that the foregoing injunction does not enjoin any actions to enforce obligations arising on or after the Effective Date under the Plan or any document, instrument, or agreement executed to implement the Plan.**

12. Pursuant to §1141(a), the provisions of the Plan are valid and enforceable and bind the Debtor and any creditor or equity security holder of the Debtor (as well as their respective heirs, executors, administrators and successors or assigns), whether or not the Claim or interest of such creditor or equity secured holder is impaired under the Plan and whether or not such creditor or equity security holder has accepted the Plan.

13. This Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of the respective states of incorporation or organization of the Debtor with respect to the implementation or consummation of the Plan and any other documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan and any other documents, instruments, or agreements, and any

amendments or modifications thereto, and any other acts that may be necessary or appropriate for the implementation or consummation of the Plan may be executed by the Debtor. This Order shall constitute the adoption and ratification by members of the Debtor of any resolutions, documents, instruments, or agreements, and any amendments or modifications thereto, that may be necessary or appropriate under any such laws for such purposes.

14. If any or all of the provisions of this Order are hereafter modified, vacated, or reversed by subsequent order of this or any other court, such reversal, modification, or vacation shall not affect the validity of the obligations incurred or undertaken under or in connection with the Plan prior to the Reorganized Debtor's receipt of written notice of any such order; nor shall such reversal, modification, or vacation of this Order affect the validity or enforceability of such obligations. Notwithstanding any reversal, modification, or vacation of this Order, any such obligation incurred or undertaken pursuant to and in reliance on this Order prior to the effective date of such reversal, modification, or vacation shall be governed in all respects by the provisions of this Order, and the Plan and all documents, instruments and agreements related thereto, or any amendments or modifications thereto.

15. Promptly following entry of this Confirmation Order by the Court, the Debtor shall serve notice of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c) on all creditors, equity security holders, any party that has requested notice in the Debtor's bankruptcy case, and the United States Trustee, by causing a notice of this Confirmation Order to be delivered to such parties by first class mail, postage prepaid, or electronic transmittal.

16. Notwithstanding Bankruptcy Rules 3020(e) and 7062, this Order shall be effective and enforceable immediately upon entry.

Honorable Timothy A. Barnes
United States Bankruptcy Judge

Dated: February 25, 2026
Chicago, Illinois