Form G-8

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re  Ani Roof

　)
　)
　)　Bankruptcy No. _____ 25-8670 _____
　)
Debtor.　)　Chapter _____ 11 _____

### COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
### (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: _____ Taft Stettinius & Hollister LLP _____

Authorized to Provide Professional Services to: _____ Ani Roof LLC _____

Date of Order Authorizing Employment: _____ 7/2/2025 _____

Period for Which Compensation is Sought:
From _____ June 6 _____ , _____ 2025 _____ through _____ February 28 _____ , _____ 2026 _____

Amount of Fees Sought: $ 224,094.23 _____

Amount of Expense Reimbursement Sought: $ 1,977.63 _____

This is an:　Interim Application _____　Final Application ✔ _____

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated: _____ June 2, 2026 _____　_____ /s/ Landon S. Raiford _____
　　　　　　　　　　　　　　　　　　　　　(Counsel)

(Rev 11/19/10)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 25bk08670 |
| | ) | |
| Ani Roof LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Timothy A. Barnes |
| | ) | |

**NOTICE OF MOTION**

TO:     SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE THAT ON **Tuesday, June 23, 2026, at 9:00 a.m.** or as soon thereafter as Counsel may be heard, I will appear before the **Honorable Judge Timothy A. Barnes**, or any Judge sitting in his stead, either in courtroom 744 of the Dirksen Federal Courthouse, 219 S. Dearborn, Chicago, IL or electronically as described below, and present the *First and Final Fee Application of Taft Stettinius & Hollister LLP, As Counsel For The Debtor, For Payment Of Compensation For Services Rendered And For Reimbursement Of Expenses Incurred For The Period From June 6, 2025 Through February 28, 2026*, at which time you may appear if you so choose.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is **161 329 5276** and the password is **433658**. The meeting ID and password can also be found on the Judge's page on the Court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

/s/ *Landon S. Raiford*
Landon S. Raiford
(6297473 IL)
lraiford@taftlaw.com
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
312-527-4000

# CERTIFICATE OF SERVICE

I, Landon S. Raiford, an attorney, on oath state that I caused to be served this Notice, Motion and proposed Order by ECF service to all parties shown below on June 2, 2026.

/s/ *Landon S. Raiford*

*Via Electronic Service*

Unites States Trustee
Adam G. Brief
Office of the U.S. Trustee, Region 11
219 South Dearborn
Suite 873
Chicago, Illinois 60604

Robert P Handler
Commercial Recovery Associates, LLC
205 West Wacker Drive, Suite 918
Chicago, IL 60606
rhandler@com-rec.com

Kimberly Ross Clayson
Taft Stettinius & Hollister LLP
27777 Franklin Rd, Suite 2500
Southfield, MI 48034
kclayson@taftlaw.com

Landon Raiford
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
lraiford@taftlaw.com

William J. McKenna
FOLEY & LARDNER LLP
321 N . Clark St., Suite  3000
Chicago , IL 60654-4762
wmckenna@foley.com

The Howard Law Firm, LLC
Attn: Michael Lotus & Michael J. Lotus
1020 Milwaukee Ave., Ste 260
Deerfield, IL 60015

Lurie & Unterberger, Ltd.
Attn. Mark J. Unterberger
2345 Waukegan Road Suite 165
Bannockburn, Illinois 60015

Chitkowski Law Offices
Attn: John J. Chitkowski & Corey B. Stern
901 Warrenville Road, Suite 103
Lisle, IL 60532

*Via U.S. Mail*

Internal Revenue Service
Mail Stop 5014CHI
230 S. Dearborn Street
Room 2600
Chicago, IL 60604

Premier Mechanical Inc
130 S Fairbank St
Addison, IL 60101

Thorne Associates Inc
5507 N Cumberland Ave
Ste 400
Chicago, IL 60656

Great Lakes Plumbing & Heating Co.
c/o Chitkowski Law Offices
901 Warrenville Road, Suite 103
Lisle, IL 60532

Shamrock Electrical Co Inc
Nathan A. Hall Christensen Hsu Sipes, LL
224 S. Michigan Ave Ste 1300
Chicago, IL 60604

Annexation LLC
c/o William J. McKenna, Foley & Lardner LLP
321 N. Clark Street, Suite 3000
Chicago, IL 60654

Ani Roof LLC
Attn: Jon Morgan
350 N. Clark, Ste. 500
Chicago, IL 60654

Power Construction Company LLC
8750 W Bryn Mawr
Ste 500
Chicago, IL 60631

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Case No. 25bk08670 |
| Ani Roof LLC, | ) ) | Chapter 11 |
| Debtor. | ) ) ) ) | Judge Timothy A. Barnes |

**FIRST AND FINAL FEE APPLICATION OF**
**TAFT STETTINIUS & HOLLISTER LLP, AS COUNSEL FOR THE DEBTOR,**
**FOR PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND FOR**
**REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE PERIOD FROM JUNE 6, 2025 THROUGH FEBRUARY 28, 2026**

Taft Stettinius & Hollister LLP ("Taft"), counsel to Ani Roof LLC, as debtor-in-possession, (the "Debtor") in the above captioned case, hereby submits this first and final fee application for payment of compensation for services rendered and for reimbursement of expenses incurred for the period from June 6, 2025 through February 28, 2026 ("Application") seeking (i) allowance and payment of $224,094.23 in fees, and (ii) reimbursement of $1,977.63 in expenses for the period from June 6, 2025 through February 28, 2026 (the "Application Period"), pursuant to sections 328, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), and the United States Trustee Fee Guidelines — Guidelines for Reviewing Applications for Compensation and Reimbursement of Disbursements Filed under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58) (the "UST Guidelines"). In support of this Application, Taft hereby states as follows:

## INTRODUCTION

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 328, 330, and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 5082-1, and the UST Guidelines.

## BACKGROUND

4.      On June 6, 2025, the Debtor filed a petition for relief under subchapter V chapter 11 of title 11 of the United States Code (the "Case"). The Debtor continues to manage and operate its business as debtor-in-possession pursuant to §1184 and through the date of this Application.

5.      On July 2, 2025, the Court entered an order authorizing the retention of Taft as Debtor's counsel, effective as of June 6, 2025 (Dkt. 31).

6.      Ani Roof sought bankruptcy protection under Subchapter V of the Bankruptcy Code in order to resolve creditor disputes involving its commercial landlord and Debtor's construction contractors—the resolution of which would allow the Debtor to begin operations of a planned restaurant and bar. The Case was precipitated by a pending eviction action that Debtor's landlord commenced prepetition due for nonpayment of rent and recording of construction liens encumbering the landlord's real estate that were filed by Debtor's construction contractors. On September 4, 2025, the Debtor timely filed its Plan of Reorganization under Chapter 11, Subchapter V of the Bankruptcy Code (Dkt. 41) (the "Plan"). As a result of continued negotiations, the Debtor filed an amended plan on November 11, 2025 (Dkt. 52) (the "First Amended Plan") and a second amended plan on November 18, 2025 (Dkt. 56) (the "Second Amended Plan"). The Debtor spent extensive time negotiating, primarily with its construction contractor creditors. Taft

spent significant time advising the Debtor on strategies and settlement options in order to achieve a confirmable chapter 11 plan. Additionally, Taft spent significant time negotiating terms with creditors to address potential plan objections. As a result, the Debtor was able to confirm the Second Amended Plan on a fully consensual basis pursuant to 11 U.S.C. 1191(a) on February 25, 2026 (Dkt. 106) (the "Confirmation Order").On April 21, 2026, the Second Amended Plan was substantially consummated (Dkt. 109).

7.      No previous fee applications have been filed.

**PAYMENT AND REIMBURSEMENT REQUESTED**

8.      Taft submits this Application (a) for payment of compensation for actual, reasonable, and necessary professional services performed by it as counsel for the Debtor during the Application Period, and (b) for reimbursement of actual, reasonable, and necessary disbursements made to pay expenses incurred in representing the Debtor during the Application Period. This is Taft's first application.

9.      During the Application Period, Taft rendered legal services to the Debtor's estate having a value of $224,094.23 in fees. In addition, Taft made disbursements to pay expenses in the amount of $1,977.63 during the Application Period.

10.     The fees sought by this Application reflect an aggregate of 382.60 hours of attorney and paraprofessional time spent and recorded in performing services for the Debtor during the Application Period. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Debtor or the Debtor's estate, which has already been eliminated by Taft. Of the aggregate time expended, 275.1 recorded hours were expended by partners and 107.50 recorded hours were expended by associates.

11.     During the Application Period, Taft's hourly billing rates for attorneys working on these matters ranged from $396.11 to $700 per hour. Allowance of compensation in the amount

requested would result in a blended hourly billing rate of approximately $585.71. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

12. Attached hereto as Exhibit A is a schedule setting forth all Taft professionals and paraprofessionals who have performed services in the Case during the Application Period, the capacities in which each such individual is employed by Taft, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended in this matter and fees billed therefore.

13. Attached hereto as Exhibit B is a summary arranged by project categories of the fees generated by the services performed during the Application Period and, for each separate project category, a list of each person providing services on the project, a statement of the number of hours spent and the amount of compensation requested for each person on the project.

14. Attached hereto as Exhibit C is a schedule specifying the categories of expenses for which Taft is seeking reimbursement and the total amount for each such expense category.

15. Taft maintains computerized records of the time spent by all attorneys and paraprofessionals and the expenses incurred in connection with the representation of the Debtor in the Case. Copies of these computerized records, along with detailed lists of all expenses for which Taft seeks reimbursement during the Application Period, are attached hereto as Exhibit D.

16.     All of the services for which interim compensation is sought were rendered to the Debtor solely in connection with this Case, in furtherance of the duties and functions of the Debtor and not on behalf of any individual creditor or other person.

17.     Taft has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

18.     Taft has not shared, or agreed to share, (a) any compensation it has received or may receive with another party or person, other than with the members, counsel and associates of the firm, or (b) any compensation another person or party has received or may receive. No promises have been received by Taft or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

19.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of the Application, Taft reserves the right to request additional compensation for such services and reimbursement of such expenses.

20.     Prior to the Petition Date, Taft received a retainer payment for Taft's preparatory work for the ultimate filing of the Debtor's bankruptcy petition. Those funds are being held in a segregated retainer account. As of the Petition Date, $12,860.67 remain of the original retainer. Taft requests that it be allowed to use those remaining funds to partially satisfy the compensation ultimately authorized by this Court.

## BASIS FOR PAYMENT

21.     Professional services and expenses for which compensation and reimbursement are sought were rendered and expended on behalf of the Debtor pursuant to the Bankruptcy Code. Taft believes it is appropriate that it be compensated for the time spent and be reimbursed for the

expenses incurred in connection with these matters. All of the fees and expenses sought to be paid or reimbursed in this Application were actual, necessary, and reasonable, and benefitted the Debtor and its estate.

22.    As set forth in Taft's retention application, the Debtor retained Taft as its counsel to provide the following professional services:

a.  Reviewing assets, liabilities, loan documentation, account statements, executory contracts and other relevant documentation;

b.  Providing the Debtor and its responsible person legal advice with respect to the Debtor's powers and duties as Debtor in Possession in the operation and management of its financial affairs;

c.  Assisting the Debtor in the preparation of schedules, statement of affairs and other required filings and documents;

d.  Preparation of pleadings such as the Debtor's applications to employ professionals, motion to assume or reject executory contracts, subchapter V status conference report, plan, applications, motions, orders, reports, objections to claims, legal documents and any other necessary pleading in furtherance of reorganizational goals;

e.  Negotiating with creditors and other parties in interest, attending court hearings, meetings of creditors and meetings with other parties in interest;

f.  Reviewing proofs of claim and solicitation of creditors' acceptances of plan; and,

g.  Performing all other legal services for the Debtor, as Debtor in Possession, which may be necessary or in furtherance of his reorganizational goals.

23.     During the Application Period, Taft has performed a wide variety of tasks on the Debtor's behalf in connection with the administration of the Debtor's estate. To provide an orderly summary of the services rendered to the Debtor by Taft and in accordance with the UST Guidelines, Taft has established numerous billing categories in connection with the Case. The following summary is intended to highlight the major areas in which Taft rendered services during the Period and is not intended to be a comprehensive detailed description of the work performed. Detailed descriptions of the day-to-day services provided and the time expended performing such services in each project billing category are attached as **Exhibit D**.

(a)     **Case Administration** ($31,788.84 in Fees; 54.1 Hours)

Time in this category consists of time that does not readily fall into another, more specific category. Time in this category includes time Taft spent providing general case administration services, including monitoring case status, maintaining the case docket, and ensuring compliance with applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and local rules. Taft drafted the Debtor's schedules, procured valuation information regarding the property listed in the schedules and financial information regarding the statement of financial affairs. Taft also assisted with the preparation, review, and filing of routine pleadings, notices, and other case-related documents such as the Debtor's monthly operating reports; coordinated with the Clerk's Office, the United States Trustee, and other parties in interest regarding procedural matters and case requirements; and advised the Debtor on administrative obligations, deadlines, and reporting requirements necessary for the orderly progression of the case.

(b)     **Meetings and Communications with Creditors** ($2,397.25 in Fees; 3.6 Hours)

During the Application Period, Taft communicated and conferred with creditors and parties in interest regarding the Debtor's financial condition, restructuring efforts, and administration of the case. Taft prepared for and participated in meetings with creditors, including the meeting of

creditors pursuant to section 341 of the Bankruptcy Code, and responded to creditor inquiries. Taft provided guidance to the Debtor in connection with creditor communications to ensure consistency with case strategy and compliance with applicable law.

(c)     **Fee and Employment Applications** ($3,726.41 in Fees; 8.3 Hours)

Taft prepared, reviewed, and prosecuted its application retention and compensation of professionals in accordance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and applicable local rules and guidelines. Taft advised Debtor regarding employment requirements, disinterestedness standards, and disclosure obligations; drafted and revised its employment application, retention order, and related disclosures; and prepared this fee application, which included compilation and review of time records, fee summaries, and supporting documentation.

(d)     **Assumption and Rejection of Executory Contracts** ($12,734.81 in Fees; 27.7 Hours)

Time in this category includes the Taft's efforts to procure extensions of time to assume the Debtor's lease with Debtor's landlord. The Debtor ultimately assumed the lease through confirmation of its Second Amended Plan. Taft also researched the relevant standards for assumption and ultimately drafted and incorporated necessary assumption and cure-cost provisions into the Second Amended Plan to resolve outstanding disputes with respect to the Debtor's commercial lease necessary for its operations.

(e)     **Financing/Cash Collections** ($15,710.51 in Fees; 31.1 Hours)

Taft provided counsel on liquidity needs, borrowing availability, and compliance with financing covenants and budget requirements. Taft also assisted in the preparation and review of cash flow projections, borrowing base calculations, and related reporting. Taft also assisted in the

drafting of the financing agreement that serves as the initial funding mechanism for the Debtor under the Second Amended Plan.

(f)     **Claims and Plan** (<u>$20,937.07 in Fees; 33.3 Hours</u>)

Time in this category includes Taft's efforts in assisting the Debtor analyze potential claims the Debtor's estate may hold against a pre-petition member of the Debtor and how such claims should be handled in the plan of reorganization. In addition, time in this category includes efforts to analyze the validity and extent of certain contractor-related claims asserted against the estate.

(g)     **Plan & Disclosure Statement** (<u>$136,799.34 in Fees; 224.5 Hours</u>)

This is the single largest category of time in the Application as it constitutes the Debtor's successful attempt to prepare and confirm a plan of reorganization. Specifically, during the Application Period, Taft drafted and negotiated terms for the plan and its related documents. As part of this process, Taft advised the Debtor regarding the formulation, analysis, and administration of claims and the development of a plan of reorganization. This included evaluation of filed and potential claims, assessment of claim validity and priority, and strategy concerning claims reconciliation and objection processes. In particular, Taft helped negotiate resolution of secured construction-lien claimants opposition to the plan as well as opposition from Debtor's landlord. Taft strategized with respect plan structure, classification and treatment of claims and interests, feasibility considerations, and compliance with applicable provisions of the Bankruptcy Code. Taft prepared and revised plan-related documents and coordinated with stakeholders regarding plan negotiations, solicitation, and confirmation requirements.

Taft also advised the Debtor and its members on strategies and settlement options in order to achieve a confirmable chapter 11 plan and spent significant time negotiating terms with creditors to address potential plan objections. As a result of Taft's efforts, the Debtor was able to consensually confirm the Second Amended Plan pursuant to 11 U.S.C. §1191(a). Taft also drafted

provisions of the proposed Order Confirming Plan and addressed proposed revisions by the various parties in interest.

**THE REQUESTED COMPENSATION SHOULD BE ALLOWED**

24. The foregoing professional services rendered during the Application Period were necessary and appropriate to assist the Debtor with the administration of the Case and were in the best interests of the Debtor's estate. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. Taft has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

25. In preparing this Application, Taft calculated the amount of time spent by each attorney and paralegal in performing actual and necessary legal services for the Debtor. That data came directly from computer printouts that are kept on each Taft client. Time entries are kept on daily logs or on computer hard drives. These entries were in turn used to produce the time records for this Application. Taft attorneys have reviewed the computer printouts for errors.

26. The rates charged by Taft are consistent with reasonable and customary hourly rates charged by other attorneys throughout the country in matters of similar complexity, scope and significance.

27. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including
>
> (A)     the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

28. In the instant case, Taft submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Debtor's efforts in administrating the Debtor's estate, and necessary to and in the best interests of the Debtor's estate. Taft further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Debtor.

29. In sum, the services rendered by Taft were necessary and beneficial to the Debtor's estate, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the interim compensation sought herein for the Application Period is warranted.

WHEREFORE, Taft respectfully requests: (i) allowance of compensation for professional services rendered during the Application Period in the amount of $224,094.23; (ii) allowance for actual and necessary expenses Taft incurred during the Application Period in the amount of $1,977.63; and (iii) authorization and direction for the Debtor to pay such amounts to Taft for the professional services rendered and expenses incurred during the Application Period.

Respectfully submitted,

**Taft Stettinius & Hollister LLP**

Dated: June 2, 2026

By: _Landon S. Raiford_
    Attorney for the Debtor

Kimberly Ross Clayson
(Michigan Bar # P69804)
kclayson@taftlaw.com
Taft Stettinius & Hollister LLP
27777 Franklin Road Suite 2500
Southfield, Michigan 48034
248-351-3000

Landon S. Raiford
(6297473 IL)
lraiford@taftlaw.com
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
312-527-4000

# EXHIBIT A

## Summary of Billing by Professional

| Name | Staff Level | Hours | Rate | Total |
|---|---|---|---|---|
| James R. Waggoner | Partner | 2.40 | $655.00 | $1,572.00 |
| Lawrence C. Rubin | Partner | 20.90 | $650.00 | $13,585.00 |
| Lauren E. Rankins | Partner | 1.70 | $600.00 | 1,020.00 |
| Landon S. Raiford | Partner | 174.30 | $700.00 | $122,010.00 |
| Kimberly R. Clayson | Partner | 75.60 | $546.56 | $41,319.95 |
| Jing Jin | Partner | .20 | $695.00 | $139.00 |
| Anthony M. Cimin | Associate | 97.10 | $396.11 | $38,462.28 |
| Ioana M. Guset | Associate | 8.40 | $590.00 | $4,956.00 |
| Ian L. Evans | Associate | 2.00 | $515.00 | $1,030.00 |
| **Total:** | | **382.60** | | **$224,094.23** |

# EXHIBIT B

## Compensation by Project Category

| Case Administration | | | |
|---|---|---|---|
| **Name** | **Billing Rate** | **Hours** | **Fees billed** |
| Landon S. Raiford | $700.00 | 20.70 | $14,490.00 |
| Kimberly R. Clayson | $546.56 | 15.40 | $8,417.02 |
| Lawrence C. Rubin | $650.00 | 6.90 | $4,485.00 |
| Anthony M. Cimin | $396.11 | 11.10 | $4,396.82 |
| TOTAL | | 54.10 | $31,788.84 |

| Meetings of and Communications with Creditors | | | |
|---|---|---|---|
| **Name** | **Billing Rate** | **Hours** | **Fees billed** |
| Landon S. Raiford | $700.00 | 2.8 | $1,960.00 |
| Kimberly R. Clayson | $546.56 | .80 | $437.25 |
| TOTAL | | 3.60 | $2,397.25 |

| Fee/Employment Applications | | | |
|---|---|---|---|
| **Name** | **Billing Rate** | **Hours** | **Fees billed** |
| Landon S. Raiford | $700.00 | .80 | $560.00 |
| Kimberly R. Clayson | $546.56 | 1.30 | $710.53 |
| Anthony M. Cimin | $396.11 | 6.20 | $2,455.88 |
| TOTAL | | 8.30 | $3,726.41 |

| Assumption/Rejection of Leases and Contr | | | |
|---|---|---|---|
| **Name** | **Billing Rate** | **Hours** | **Fees billed** |
| Landon S. Raiford | $700.00 | 5.8 | $4,060.00 |
| Anthony M. Cimin | $396.11 | 21.90 | $8,674.81 |
| **TOTAL** | | **27.70** | **$12,734.81** |

| Financing/Cash Collections | | | |
|---|---|---|---|
| **Name** | **Billing Rate** | **Hours** | **Fees billed** |
| Landon S. Raiford | $700.00 | 6.60 | $4,620.00 |
| Kimberly R. Clayson | $546.56 | 3.90 | $2,131.58 |
| James R. Waggoner | $655.00 | 2.40 | $1,572.00 |
| Lawrence C. Rubin | $650.00 | 0.70 | $455.00 |
| Anthony M. Cimin | $396.11 | 17.50 | $6,931.93 |
| **TOTAL** | | **31.10** | **$15,710.51** |

| Claims and Plan | | | |
|---|---|---|---|
| **Name** | **Billing Rate** | **Hours** | **Fees billed** |
| Landon S. Raiford | $700.00 | 11.20 | $7,840.00 |
| Kimberly R. Clayson | $546.56 | 4.60 | $2,514.18 |
| Lawrence C. Rubin | $650.00 | 6.60 | $4,290.00 |
| Lauren E. Rankins | $600.00 | 1.70 | $1,020.00 |
| Anthony M. Cimin | $396.11 | 0.80 | $316.89 |

| | | | |
|---|---|---|---|
| Ioana M. Guset | $590.00 | 8.40 | $4,956.00 |
| **TOTAL** | | **33.30** | **$20,937.07** |

| Plan and Disclosure Statement | | | |
|---|---|---|---|
| **Name** | **Billing Rate** | **Hours** | **Fees billed** |
| Landon S. Raiford | $700.00 | 126.40 | $88,480.00 |
| Kimberly R. Clayson | $546.56 | 49.60 | $27,109.38 |
| Lawrence C. Rubin | $650.00 | 6.70 | $4,355.00 |
| Jing Jin | $695.00 | 0.20 | $139.00 |
| Anthony M. Cimin | $396.11 | 39.60 | $15,685.96 |
| Ian L. Evans | $515.00 | 2.00 | $1030.00 |
| **TOTAL** | | **224.50** | **136,799.34** |

# EXHIBIT C

## Expense Summary

| Expense Category | Amount |
|---|---|
| Postage | $215.03 |
| Court Fees | $1,738.00 |
| Copying/Printing | $24.60 |
| **TOTAL:** | **$1,977.63** |

# EXHIBIT D

**Time Entry/Expense Details**
**(June 6, 2025 - February 25, 2026)**

**PROFESSIONAL SERVICES RENDERED**

Case Administration

| Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|
| 6/06/25 | LCRU | 1.20 | Issues regarding bankruptcy filing; emails to opposing counsel. |
| 6/06/25 | LSRA | 1.30 | Client call regarding bankruptcy filing; finalize documents for bankruptcy filing. |
| 6/06/25 | KRC | 3.00 | Prepared, reviewed and revised schedules and exchange of several emails with client and co-counsel in preparation for case filing. |
| 6/09/25 | LCRU | 1.10 | Court apperance in Annexation litigation. |
| 6/09/25 | LSRA | 1.00 | Follow-up w client regarding filing and next steps and upcoming deadlines. |
| 6/09/25 | KRC | 1.00 | Reviewed IDI letter, order for status conference and prepared notes to L. Raiford for client email on dates and deadlines. |
| 6/10/25 | LSRA | .80 | Call with case trustee regarding case status and outlook (.3); follow up with client regarding banking and insurance requirements  (.2); review Taft retention motion (.2) |
| 6/10/25 | KRC | 1.00 | Reviewed balance sheet and other support documents (.5); attention to outstanding schedules completion (.5). |
| 6/11/25 | LCRU | .60 | Taft meetings regarding restructuring. |
| 6/13/25 | LSRA | 1.10 | Continue to address needed information for schedules and SOFA. |
| 6/16/25 | LCRU | .40 | Taft meetings to discuss restructuring, and path forward. |
| 6/16/25 | LSRA | .90 | Meeting with L. Rubin regarding plan strategy and timeline (.4); follow-up with client regarding pulling of needed financial information (.2); work with client on post-petition account issue (.3) |
| 6/17/25 | LSRA | .50 | Prepare UST required reports (.5); communications with client regarding same (.2). |
| 6/18/25 | AMCI | 2.00 | Draft Motion to extend time to file schedules and statement of financial affairs |
| 6/19/25 | LSRA | .50 | Review motion to extend time to file schedules (.3); review draft of schedules (.2). |
| 6/19/25 | AMCI | 3.20 | Draft, revise, and edit motion to extend time to file schedules and SOFA |
| 6/19/25 | AMCI | .80 | Email correspondence with L. Raiford and K. Clayson regarding motion to extend time to file schedules and SOFA |
| 6/20/25 | LSRA | .40 | Call with client regarding documentation needed to finalize schedules and SOFA. |

| Date | Atty | Hours | Description Of Services Rendered |
|------|------|-------|--------------------------------|
| 6/20/25 | AMCl | .60 | Revise Motion to extend time to file schedules and SOFA |
| 6/20/25 | AMCl | .60 | Email correspondence with L. Raiford and K. Clayson regarding motion to extend time for schedules; telephone conference with K. Kelsey-Dennis regarding filing same |
| 6/23/25 | LSRA | .90 | Work with team on preparation of schedules and related documents (.4); communication with UST regarding motion to extend time to file schedules and SOFA (.5) |
| 6/23/25 | KRC | 1.80 | Draft and preparation of schedules and statements for schedules completion. |
| 6/24/25 | LSRA | 1.20 | Review and revise schedules and statement of financial affairs. |
| 6/24/25 | KRC | 1.80 | Reviewed additional documents provided by client (1.1), updated schedules based on same (.7). |
| 6/25/25 | KRC | 3.80 | Discussed schedules, revisions and proceedings with client (1.8); attention to finalizing revisions to schedules for filing (2.0). |
| 6/26/25 | LCRU | .60 | Emails and phone calls with BK team regarding schedules and SOFA. |
| 6/26/25 | LSRA | .80 | Attend initial debtor interview with UST. |
| 6/27/25 | KRC | 1.00 | Started daft and preparation of status conference report. |
| 7/02/25 | LSRA | .80 | Call with J. Morgan regarding upcoming 341 meeting (.3); communication with UST regarding upcoming request to incur subordinated debt (.5). |
| 7/03/25 | AMCl | 1.10 | Draft status conference report |
| 7/05/25 | AMCl | .30 | Email correspondence with K. Clayson regarding status conference report; review same |
| 7/07/25 | LSRA | 2.20 | Communicate with client regarding case update, and preview of next steps over the next month of the case (.5); Attend 341 meeting of Ani Roof (1.0); Review and review case status report for filing with court (.7). |
| 7/07/25 | AMCl | .70 | Revise status report |
| 7/07/25 | KRC | 1.00 | Attention to revisions and editing of status conference report. |
| 7/15/25 | LSRA | 1.20 | Prepare monthly operating report for June. |
| 7/17/25 | LSRA | .20 | Call with L. Rubin regarding case status. |
| 7/28/25 | LSRA | 1.00 | Client call regarding plan strategy and approach. |
| 8/18/25 | LSRA | .50 | Prepare July MOR. |
| 8/20/25 | KRC | .80 | Client call to discuss status report. |
| 8/21/25 | LSRA | .40 | Finalize July MOR and accompanying status report for filing. |
| 8/21/25 | KRC | .20 | Reviewed status report update and exchanged emails with client. |
| 9/05/25 | AMCl | .40 | Review previous example of motion in support of confirmation to help construct outline |

| Date | Atty | Hours | Description Of Services Rendered |
|------|------|-------|--------------------------------|
| 9/06/25 | AMCI | 1.00 | Review example briefs in support of confirmation; create outline regarding same |
| 9/09/25 | AMCI | .40 | Conference with K. Clayson and email correspondence with L. Raiford regarding preparation and timing of brief in support of confirmation |
| 9/10/25 | LCRU | 1.30 | Court appearance in state court regarding pre-petition litigation. |
| 9/16/25 | LSRA | 1.50 | Attend status hearing (.4); call with contributing member regarding hearing and next steps (.9); call with K. Ross Clayson regarding same (.2) |
| 10/21/25 | LSRA | .50 | Prepare September MOR. |
| 10/31/25 | LSRA | .80 | Status call with client. |
| 11/20/25 | LSRA | .60 | Prepare October monthly operating report. |
| 12/02/25 | LCRU | .90 | Preparation for and appear at status conference in state court. |
| 12/12/25 | LSRA | .30 | Call with L. Rubin regarding case status. |
| 12/22/25 | LSRA | .40 | Prepare November monthly operating report. |
| 12/31/25 | LSRA | .40 | Case status call with client. |
| 2/18/26 | LCRU | .80 | Phone call and email order regarding continuance in State court proceeding. |
| 2/23/26 | LSRA | .50 | Prepare January MOR. |
| | | 54.10 | Sub Total |

## Meetings of and Communications with Cred

| Date | Atty | Hours | Description Of Services Rendered |
|------|------|-------|--------------------------------|
| 7/22/25 | LSRA | .40 | Respond to creditor inquiries. |
| 8/26/25 | LSRA | .20 | Call with Annexation attorney regarding status report. |
| 10/02/25 | LSRA | 1.80 | Call with Annexation attorney regarding pro forma questions. (.5); follow up with client regarding same. (1.3) |
| 10/09/25 | LSRA | .40 | Communication with creditors regarding revised pro forma. |
| 12/02/25 | KRC | .80 | Telephone conference with Power and sub on negotiating plan treatment. |
| | | 3.60 | Sub Total |

## Fee/Employment Applications

| Date | Atty | Hours | Description Of Services Rendered |
|------|------|-------|--------------------------------|

| Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|
| 6/06/25 | AMCl | .80 | Review Application to Employ Taft (0.3); revise and finalize affidavits for K. Clayson and L. Raiford; email correspondence with K. Clayson regarding same (0.5) |
| 6/09/25 | AMCl | 2.30 | Draft and revise Application to Employ Taft and related pleadings (2.0); email correspondence and conference with K. Clayson regarding same (.3). |
| 6/09/25 | KRC | .80 | Reviewed and revised employment application. |
| 6/10/25 | AMCl | 1.10 | Draft and revise Application to Employ Taft. |
| 6/11/25 | AMCl | .80 | Email correspondence, telephone conference, and conference with K. Clayson and R. Laiford regarding edits to App to Employ Taft and filing same |
| 6/11/25 | AMCl | 1.20 | Draft and revise App to Employ Taft |
| 6/11/25 | KRC | .50 | Attention to firm employment application. |
| 6/25/25 | LSRA | .50 | Attend hearing on motion to retain Taft. |
| 7/02/25 | LSRA | .30 | Attended hearing on motion to retain Taft, motion to extend time to file schedules and motion by subchapter V Trustee regarding retainer. |
| | | 8.30 | Sub Total |

Assumption/Rejection of Leases and Contr

| Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|
| 8/26/25 | LSRA | .50 | Address argument raised by Annexation regarding cure of lease default. |
| 8/27/25 | LSRA | .90 | Continue review of Annexation argument regarding lease assumption under proposed plan. |
| 8/27/25 | AMCl | .40 | Email correspondence with L. Raiford and K, Clayson regarding assumption of the Annexation LLC lease as part of the plan and issues debtor must overcome related to prepetition mechanics liens on the premises. |
| 8/27/25 | AMCl | 2.20 | Research issues related to assumption of Annexation LLC lease under 365(b). |
| 8/28/25 | AMCl | 1.70 | Research case law discussing time frame to cure default for assumption of lease (.7); how courts have addressed assumption of lease with a mechanics lien (1.0). |
| 8/28/25 | AMCl | .30 | Conference with K. Clayson regarding assumption of lease issue and legal strategy as to such in plan |
| 8/29/25 | AMCl | 2.00 | Research and review case law discussing cure timeliness and business judgment rule analyses for assumption of pre-petition leases (.5); draft memo regarding same (1.5). |

| Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|
| 8/30/25 | AMCI | 1.20 | Research case law surrounding lease assumption and obligations to cure pre-petition mechanics liens |
| 8/31/25 | AMCI | 1.60 | Draft memo summarizing case law and arguments surrounding lease assumptions and obligations to cure pre-petition mechanics' liens |
| 9/01/25 | AMCI | 1.80 | Finalize memo regarding mechanics lien cure options for assumption of Annexation lease (1.2); email correspondence with L. Raiford and K. Clayson regarding lease assumption memo (.6). |
| 9/01/25 | AMCI | 2.00 | Review case law, treatises, law review articles, etc. discussing cures for non-monetary defaults under terms of lease and how to assume such a lease |
| 9/02/25 | AMCI | .70 | Analyze offer of replacement liens in Debtor's post-confirmation cash collateral to cure pre-petition mechanics liens to facilitate assumption of the Annexation lease. |
| 9/02/25 | AMCI | 1.30 | Review Annexation state court complaint to confirm all pre-petition defaults asserted against Debtor. |
| 9/02/25 | AMCI | .80 | Conference with R. Kruger and K. Clayson regarding legal strategy to cure pre-petition mechanics liens (.5); telephone conference with L. Raiford and K. Clayson regarding same (.3). |
| 9/03/25 | AMCI | .60 | Email correspondence with L. Raiford and K. Clayson and summary of asserted defaults in Annexation's state court complaint |
| 10/01/25 | LSRA | 1.20 | Address potential need to have time to assume lease extended to early January. |
| 10/01/25 | AMCI | 1.30 | Draft motion to extend time to assume lease |
| 10/01/25 | AMCI | .80 | Email correspondence with L. Raiford and K. Clayson regarding motion to extend time to assume lease |
| 10/02/25 | AMCI | .20 | Email correspondence with L. Raiford regarding motion to extend deadline to assume lease |
| 10/02/25 | AMCI | .40 | Revise and edit motion to extend deadline to assume lease |
| 11/13/25 | LSRA | .40 | Address with A. Cimini issue regarding potential needs to assume lease prior to January 2. |
| 12/02/25 | AMCI | 1.60 | Review case law surrounding confirmation of a chapter 11 plan while a motion for assumption of the lease is pending. |
| 12/03/25 | AMCI | 1.00 | Research case law discussing filing a motion to assume lease with pending hearing on confirmation |
| 12/08/25 | LSRA | 1.10 | Draft communication to Annexation regarding extension of time to assume lease (.5); draft motion regarding same (.6). |
| 12/10/25 | LSRA | .50 | Email to Annexation regarding motion to extend time to assume lease and to continue confirmation dates. |
| 12/11/25 | LSRA | 1.20 | Finalize filings regarding extension of time to assume lease and confirmation hearing. |

| Date | Atty | Hours | Description Of Services Rendered |
|------|------|-------|--------------------------------|
|      |      | 27.70 | Sub Total |

Financing/Cash Collections

| Date | Atty | Hours | Description Of Services Rendered |
|------|------|-------|--------------------------------|
| 6/26/25 | AMCI | 3.50 | Draft Motion to incur debt from Ani Roof members to pay July to October rents (3.0); tlephone conference and email correspondence with K. Clayson regarding same (.5). |
| 6/27/25 | LSRA | 1.30 | Review and revise motion for debtor to incur subordinated debt. |
| 6/27/25 | AMCI | .60 | Email correspondence with L. Raiford and K. Clayson regarding motion to incur debt |
| 6/27/25 | AMCI | 4.00 | Draft, edit, and revise motion to incur debt |
| 6/27/25 | KRC | 1.90 | Telephone call with client and exchange of emails regarding motion to incur (.4). Reviewed and revised motion to borrow (1.5). |
| 6/30/25 | AMCI | 1.60 | Conference with K. Clayson and telephone conference with L. Raiford regarding motion to incur debt (.4); revise, edit, and prepare motion to incur debt for filing (1.2). |
| 7/01/25 | AMCI | .40 | Draft and revise motion to incur debt for filing |
| 7/02/25 | LSRA | 1.00 | Review and revise motion to incur subordinated debt. |
| 7/02/25 | AMCI | 2.30 | Draft, revise, and prepare motion to incur debt for filing |
| 7/02/25 | AMCI | .80 | Email correspondence and telephone conference with L. Raiford regarding edits to motion to incur, and preparing to file such |
| 7/02/25 | AMCI | .20 | Email correspondence with J. Morgan regarding review of revised motion to incur debt and declaration. |
| 7/06/25 | AMCI | .20 | Email correspondence with L. Raiford and K. Clayson confirming receipt of Docusigned Declaration in support of Motion to Incur Debt |
| 7/07/25 | LSRA | .70 | Further revisions to motion to approve incurrence of subordinated debt. |
| 7/07/25 | AMCI | 2.00 | Revise, edit, and assemble motion to incur debt for filing |
| 7/07/25 | AMCI | 1.50 | Email correspondence and conference with K. Kelsey-Dennis and K. Clayson regarding motion to incur debt (1.3); email correspondence with L. Raiford regarding same (.2). |
| 7/22/25 | LSRA | 1.50 | Attend hearing on case status and motion to incur subordinated debt . |
| 8/11/25 | LCRU | .30 | Phone call with BK team regarding status of financing and plan. |
| 8/20/25 | LSRA | .70 | Address argument of potential lien avoidance. |
| 8/21/25 | KRC | 2.00 | Review of investor subscription memorandum and attachments. |

| Date | Atty | Hours | Description Of Services Rendered |
|------|------|-------|----------------------------------|
| 8/27/25 | JRWA | 1.30 | Review and analysis of private placement memorandum and subscription agreement (1.0); conference with K. Clayson and L. Raiford regarding same (.3). |
| 10/15/25 | LSRA | 1.40 | Communications with principals regarding status of fundraising efforts and plan amendment. |
| 11/03/25 | AMCI | .40 | Email correspondence with Corporate team regarding memorialization of Members' capital contribution into Debtor to help fund operations. |
| 11/05/25 | JRWA | .40 | Review Capital Fund Agreement. |
| 11/10/25 | JRWA | .40 | Review provisions of Operating Agreement relating to additional capital contributions. |
| 11/11/25 | JRWA | .30 | Conference with K. Clayson regarding notice requirements set forth in Operating Agreement. |
| 12/12/25 | LCRU | .40 | Email and phone call regarding timing and contributions. |
|  |  | 31.10 | Sub Total |

Claims and Plan

| Date | Atty | Hours | Description Of Services Rendered |
|------|------|-------|----------------------------------|
| 6/11/25 | LSRA | .60 | Respond to client inquiries regarding dispute with member who has failed to pay equity contribution. |
| 7/09/25 | LSRA | 1.00 | Begin outline of potential proposed plan of reorganization. |
| 7/28/25 | LCRU | .70 | Phone call and conference LR. |
| 8/20/25 | LSRA | .50 | Draft status report. |
| 8/20/25 | LSRA | 1.00 | Call with client regarding status of fund raising efforts and draft of plan. |
| 8/28/25 | LCRU | .70 | Zoom conference call with Landon Raiford. |
| 9/03/25 | LCRU | .70 | Email and phone call regarding claims against LLC interest. |
| 9/04/25 | LCRU | .70 | Plan draft, email and phone call. |
| 9/05/25 | LSRA | 1.00 | Address strategy for case post filing of plan. |
| 9/05/25 | LSRA | .40 | Email to I. Guset regarding dispute with HOA and needed research. |
| 9/05/25 | IG | .40 | Draft and receive email correspondence to/from L. Raiford on issues related to membership dispute. |
| 9/05/25 | KRC | 1.40 | Reviewed and compiled support records for causes of action against pre-petition member. |
| 9/08/25 | LCRU | .40 | Email and phone call regarding plan and response. |

| Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|
| 9/08/25 | IG | 3.60 | Review and critically analyze operative agreement and documents received from clients (2.20); review and analyze case Limited Liability Act and case authorities on fiduciary duty (1.40). |
| 9/09/25 | IG | .80 | Review documents received from client as well as Illinois Limited Liability Act to prepare for call with L. Raiford (.50); conference call with L. Raiford regarding same (.30). |
| 9/10/25 | IG | 1.50 | Research and review authorities on potential causes of action for failure to make initial contributions (1.50). |
| 9/11/25 | LSRA | .40 | Review research on potential claim against HOA for unpaid contribution. |
| 9/11/25 | IG | 2.10 | Review and analyze case authorities and draft summary or research for issue related to member of LLC that fails to put in its contribution. |
| 9/29/25 | LCRU | .50 | Restructuring, review of emails and conference. |
| 10/14/25 | LSRA | .50 | Attend status hearing (.5). |
| 10/14/25 | LSRA | .60 | Conversation and follow up with subcontractor attorney (.6). |
| 11/03/25 | LCRU | .70 | Email and phone call with L. Raiford regarding Power construction issues. |
| 11/14/25 | AMCI | .80 | Revise and edit proposed order approving hearing notice, solicitation and tabulation procedures for ballots, and setting hearing on confirmation |
| 11/20/25 | LCRU | 1.10 | Email and phone call with K. Clayson regarding subcontractor lien claims. |
| 11/21/25 | LCRU | 1.10 | Emails and phone calls with Bankruptcy team regarding creditor and subcontractors claims. |
| 12/09/25 | LSRA | 1.90 | Draft motion to assume Annexation lease. |
| 12/22/25 | LSRA | 2.60 | Research indubitable equivalent standard and write up of same. |
| 12/22/25 | KRC | 1.00 | Attention to preparing comparison of plan terms versus construction foreclosure to prepare communication to Power and subs. |
| 12/22/25 | KRC | .40 | Client meeting to discuss replacement liens under plans and objections to same by Power et al. |
| 12/23/25 | LERA | .40 | Phone call to review and analyze lien priority issues. |
| 12/23/25 | KRC | 1.80 | Attention to and preparation of outline of potential construction lien foreclosure comparison to chapter 11 plan as proposed. |
| 12/29/25 | LERA | .80 | Review and analyze mortgage recording date and lien priority issues. |
| 12/29/25 | LSRA | .70 | Work with K. Ross Clayson regarding contractor's lien priority issues. |
| 12/30/25 | LERA | .50 | Continued to review and analyze burden of proof issues related to priority of lien claims. |
| | | 33.30 | Sub Total |

Plan and Disclosure Statement

| Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|
| 7/15/25 | LSRA | .30 | Attention to potential structure of plan of reorganization. |
| 7/28/25 | KRC | 1.00 | Client meeting to discuss plan terms and strategy. |
| 7/31/25 | AMCI | .40 | Research satisfaction effect of 1126(g) on confirmation of a sub V plan; research and review 1129 and discuss same with K. Clayson |
| 8/06/25 | KRC | .50 | Started on draft and preparation of subchapter V plan. |
| 8/07/25 | KRC | 2.50 | Draft and preparation of plan of reorganization. |
| 8/08/25 | LSRA | 1.20 | Review initial draft of reorganization plan. |
| 8/19/25 | KRC | 1.00 | Draft and preparation of plan. |
| 8/20/25 | KRC | 1.80 | Attention to plan including edits and revisions to plan structure. |
| 8/22/25 | KRC | 1.50 | Worked on revisions and updates to draft plan. |
| 8/25/25 | LCRU | .80 | Conferences and phone call with L. Raiford regarding status of plan. |
| 8/26/25 | AMCI | .20 | Conference with K. Clayson regarding case status and contents of debtor's plan |
| 8/26/25 | KRC | 2.00 | Further revisions and updates to plan. |
| 8/27/25 | LCRU | .70 | Conference with L. Raiford; review of proposed plan. |
| 8/27/25 | LSRA | 1.90 | Calls with client regarding status of plan of reorganization and its proposed payment to creditors. |
| 8/27/25 | KRC | 1.00 | Client strategy call regarding plan. |
| 8/27/25 | KRC | 1.50 | Plan edits based on client call. |
| 8/29/25 | LSRA | .50 | Revise plan of reorganization. |
| 8/29/25 | KRC | 1.80 | Worked on updates to Ani Roof plan. |
| 9/02/25 | LCRU | .80 | Emails and phone calls with Bankruptcy team regarding proposed plan. |
| 9/02/25 | LSRA | .60 | Address issue regarding timing for payment of Power Construction. |
| 9/02/25 | KRC | 1.00 | Reviewed notes from client for plan revisions (.6); internal meeting to discuss plan strategy regarding construction lien creditor (4). |
| 9/03/25 | LSRA | 3.90 | Work with K. Ross-Clayson regarding potential replacement liens for Power (.2); call with client representatives regarding draft plan and proposed modifications (1.9); call with L. Rubin regarding potential claim against HOA (.3); revise plan of reorganization based on client comments (1.5). |
| 9/03/25 | KRC | 2.00 | Client call to discuss plan terms and strategy. |
| 9/03/25 | KRC | 2.50 | Review and revise plan. |
| 9/04/25 | LSRA | 1.90 | Review of revised guaranty acknowledgement |
| 9/04/25 | AMCI | 2.80 | Revise, review, and edit chapter 11 plan. |

| Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|
| 9/04/25 | AMCI | .70 | Email correspondence with K. Clayson and L. Raiford regarding chapter 11 plan revisions; telephone conference with L. Raiford regarding same. |
| 9/04/25 | KRC | 1.40 | Revised plan. |
| 9/04/25 | KRC | 4.80 | Client meetings regarding plan (2.8); reviewed and revised plan for final draft and submission (2.0). |
| 9/05/25 | AMCI | .20 | Email correspondence with L. Raiford regarding motion in support of plan procedures. |
| 9/11/25 | AMCI | 1.20 | Draft motion to schedule confirmation and approve voting and noticing procedures. |
| 9/12/25 | AMCI | 1.10 | Draft motion to schedule confirmation and approve voting and noticing procedures. |
| 9/15/25 | LSRA | .40 | Prepared for status hearing on plan of reorganization (.2); call w L. Rubin regarding same (.2). |
| 9/15/25 | AMCI | .20 | Conference with K. Clayson regarding motion to set confirmation hearing date et al. |
| 9/15/25 | AMCI | 2.10 | Draft motion to set confirmation hearing date and related deadlines, and voting procedures. |
| 9/16/25 | AMCI | .30 | Email correspondence with L. Raiford regarding motion for confirmation hearing and voting procedures. |
| 9/16/25 | AMCI | 6.00 | Draft and edit motion to set confirmation hearing and approval of voting procedures (1.8); draft ballots and voting instructions for each voting class, and notice for non-voting classes (4.2). |
| 9/16/25 | KRC | .40 | Attention to confirmation issues and confirmation strategy. |
| 9/17/25 | LSRA | .70 | Call with trustee and J. Morgan and J. Kaplan regarding proposed plan and pro forma. |
| 9/17/25 | AMCI | 2.60 | Draft, edit, and review draft of motion for confirmation hearing, ballots, et al |
| 9/17/25 | AMCI | .80 | Email correspondence with T. Torni regarding formatting issue on motion for confirmation hearing, ballots, et al, and complete draft preparation; email correspondence with L. Raiford regarding first full draft |
| 9/25/25 | LSRA | .30 | Call with J. Morgan regarding status of negotiations with Power Construction. |
| 9/26/25 | KRC | .20 | Touched base with Power counsel about plan terms. |
| 9/29/25 | KRC | .60 | Telephone call with Power Construction counsel regarding resolving potential plan objections (.3). Recap email to follow up on the same to client (.3). |
| 10/06/25 | LCRU | .80 | Email and phone call with Bankruptcy team regarding revisions to plan. |
| 10/06/25 | LSRA | .50 | Communications with members regarding plan update. |

| Date | Atty | Hours | Description Of Services Rendered |
|------|------|-------|----------------------------------|
| 10/07/25 | LSRA | .60 | Call with client regarding upcoming hearing and next steps in plan confirmation process. |
| 10/07/25 | KRC | .70 | Client meeting to discuss strategy for confirmation. |
| 10/31/25 | KRC | .80 | Conference with client about plan funding status. |
| 11/03/25 | LSRA | 4.30 | Draft contributing member capital contribution agreement (1.5); communication with contributing members regarding same (.7); revise plan and ballot procedures motion (2.1) |
| 11/03/25 | KRC | 1.30 | Review capital funding agreement and provided revisions. |
| 11/04/25 | LSRA | 3.70 | Continue to edit plan procedures motion (1.7); draft Amended Plan of Reorganization (2.0). |
| 11/04/25 | AMCI | .40 | Review and edit motion and order regarding Plan and Confirmation. |
| 11/05/25 | LCRU | .60 | Emails regarding proposals to creditors for plan support. |
| 11/05/25 | LSRA | 2.70 | Revise plan of reorganization (2.5); modify plan procedures motion in light of same (.2). |
| 11/05/25 | AMCI | 2.70 | Review, revise, and edit motion for approval of ballots and voting procedures, and setting hearing on confirmation; review and revise proposed order regarding same. |
| 11/06/25 | LCRU | .70 | Email and review of amended plan. |
| 11/06/25 | LSRA | .60 | Respond to client inquiries regarding capital funding agreement and amended plan. |
| 11/07/25 | LSRA | 1.00 | Preparation for call with client regarding funding agreement and amended plan (.5); call with client regarding same (.5) |
| 11/07/25 | KRC | .50 | Attended client conference to discuss plan negotiations and status. |
| 11/10/25 | LSRA | 2.40 | Address issues surrounding capital funding agreement (.8); address open items surrounding amended plan (1.6) |
| 11/10/25 | KRC | .80 | Attention to plan confirmation issues. |
| 11/11/25 | LSRA | 2.00 | Finalize amended plan of reorganization (.9); draft third status report (.6); reach out of contractors regarding plan and offer to discuss contents (.5) |
| 11/11/25 | KRC | 1.40 | Attention to member funding agreement and follow up with Power Construction counsel regarding same. |
| 11/12/25 | LSRA | 1.30 | Attend status hearing and hearing on plan procedure motion (1.1); work with A. Cimini on lease assumption issue (.2). |
| 11/12/25 | AMCI | .80 | Revise proposed order approving hearing on confirmation, ballot solicitation and tabulation procedures, and noticing of same. |
| 11/14/25 | LSRA | .50 | Update plan procedures order. |
| 11/17/25 | LCRU | .60 | Several calls regarding subcontractor claims and financial commitment for plan. |

| Date | Atty | Hours | Description Of Services Rendered |
|------|------|-------|--------------------------------|
| 11/18/25 | LSRA | 2.70 | Call with Annexation counsel regarding proposed edits to plan (.2); revise plan in light of same (.9); revise proposed plan procedures order (1.1); prepare status report for upcoming hearing (.5). |
| 11/18/25 | KRC | .40 | Analyzed Annexation settlement terms proposed and follow up with Jeff Winick regarding Power Construction's acceptance of terms. |
| 11/19/25 | LSRA | 1.30 | Attend plan status hearing (.8); work with contractors to address concerns regarding handling of lien post-confirmation (.5). |
| 11/19/25 | AMCI | .50 | Review email correspondence with counsel for Power's and its position in opposition to confirmation; evaluate possible avenues to resolve same. |
| 11/20/25 | LSRA | 2.10 | Call with Bernard Woodworking counsel regarding plan (.5); work on solutions to creditors' raised concerns with plan (1.6). |
| 11/21/25 | LSRA | 3.20 | Continue to work with client on potential modifications to plan based on creditor response (1.4); call with client regarding same (.8); follow-up with L. Rubin and K. Ross-Clayson regarding same (1.0). |
| 11/21/25 | KRC | .80 | Telephone call with Power's counsel and follow up email recap. |
| 11/24/25 | LCRU | .90 | Several phone calls and emails with Bankruptcy team regarding plan. |
| 11/24/25 | LSRA | 1.00 | Continue to work on plan modification solutions. |
| 11/25/25 | LSRA | 1.80 | Call with client regarding potential modifications to proposed plan (1.0); Internal Taft follow-up regarding same (.2); Send plan modification proposal to lien holders (.6). |
| 12/01/25 | LSRA | .30 | Communication with contractor parties regarding plan status. |
| 12/02/25 | LSRA | 2.90 | Call with construction creditors regarding proposed modifications to plan (.5); follow-up communications w client regarding same (1.4); follow up with creditors regarding same (1.0). |
| 12/02/25 | KRC | .90 | Client discussion regarding confirmation strategy. |
| 12/03/25 | LSRA | 4.10 | Attend status hearing (.5); continue to address potential plan modifications (1.4); call with contractors regarding release of pre-petition lien (.5); research on application of 365(d)(4) to Annexation lease (.9); work on putting together modified collateral package for lien holders (.8). |
| 12/05/25 | LSRA | 1.00 | Work on list of needed information from client for collateral package to creditors. |
| 12/08/25 | LSRA | 2.00 | Call with client regarding new collateral package for contractors (.6); draft motion to extend confirmation hearing dates (1.4). |
| 12/10/25 | LCRU | .40 | Phone call with L. Raiford regarding economics of plan. |
| 12/15/25 | LSRA | 2.80 | Analyze client's proposed collateral package to lien holders and supporting documentation. (1.7); communications with creditors and client regarding same. (1.1) |
| 12/15/25 | KRC | .30 | Reviewed term sheet notes transmitted to Power and sub. |

| Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|
| 12/16/25 | LSRA | .60 | Communications with subV trustee regarding collateral package proposal. |
| 12/17/25 | LSRA | .60 | Hearing on motion moving confirmation hearing and accompanying dates. (.3); follow up with client regarding next steps. (.3) |
| 12/18/25 | LCRU | .40 | Email and phone call with L. Reiford regarding plan dates and feasibility issues. |
| 12/18/25 | LSRA | 1.10 | Work with K. Clayson on strategy for contractor lien claims. (.8); call with construction lien holders.(.3) |
| 12/19/25 | LSRA | .30 | Communication with contractor claimant regarding plan voting. |
| 12/22/25 | LSRA | .50 | Call with client regarding status of contractor negotiations. |
| 12/29/25 | KRC | .50 | Attention to lien priority analysis for confirmation. |
| 12/30/25 | LSRA | 1.60 | Prepare outline for potential disputed confirmation hearing. |
| 12/30/25 | KRC | .30 | Followed up with client regarding status of all-hands meeting. |
| 12/31/25 | KRC | .60 | Analyzed prospect of confirmation and indubitable equivalent arguments. |
| 12/31/25 | KRC | .40 | Client meeting to discuss plan confirmation strategy with Power. |
| 1/02/26 | LSRA | .40 | Draft summary of proposal for distribution to Power Construction. |
| 1/02/26 | KRC | .20 | Reviewed Plan proposal to Power and subs and emailed additional input for client communication. |
| 1/05/26 | LSRA | 2.90 | Look into potential funding alternatives for removal of construction liens (2.2); communication with A. Cimini regarding drafting of confirmation brief (.7) |
| 1/05/26 | AMCI | .30 | Email correspondence with L. Raiford regarding motion in support of confirmation |
| 1/06/26 | LSRA | 1.20 | Look into possibility of construction bond to remove liens from property. (.7); Strategy meeting with L. Rubin regarding same (.5). |
| 1/06/26 | AMCI | .60 | Review legal standards for brief in support of consensual subchapter V confirmation. |
| 1/06/26 | KRC | 1.20 | Attention to Class 2 settlement negotiations status and issues. |
| 1/07/26 | LSRA | .90 | Prepare for settlement call with construction lien holders. |
| 1/07/26 | KRC | .20 | Attention to confirmation brief preparation requirements. |
| 1/07/26 | KRC | .30 | Exchanged emails with client about financial information requirements for settlement of plan objections. |
| 1/08/26 | LSRA | 2.60 | Prepare for call with construction lien claimants (.6); calls with lien claimants and client regarding plan negotiation (2.0). |
| 1/08/26 | KRC | 1.10 | Client-creditor plan settlement conference and post-conference and recap. |
| 1/09/26 | LSRA | 1.50 | Further inquiry into potential use of construction bonds. |
| 1/09/26 | LSRA | 3.20 | Call with creditor regarding plan (.2); draft indubitable equivalent component of confirmation brief (3.0). |

| Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|
| 1/09/26 | KRC | .30 | Responded to client about next steps in Power construction negotiations. |
| 1/11/26 | AMCl | 1.00 | Research seventh circuit case law discussing reasonable indubitable equivalent standard to confirm a subchapter V plan under 1191(b). |
| 1/12/26 | LSRA | 1.30 | Communication with K. Clayson regarding plan confirmation requirements (.5); call with client regarding status of contractor negotiations (.8) |
| 1/12/26 | KRC | 1.20 | Client meeting to review pending plan proposal (.6); exchanged emails with creditor counsel about status (.2); considered necessary components for contested plan confirmation hearing (.4). |
| 1/13/26 | AMCl | 2.20 | Draft brief in support of confirmation. |
| 1/14/26 | AMCl | 1.00 | Draft and revise brief in support of confirmation under 1191(b) |
| 1/15/26 | LSRA | 1.50 | Continue draft of fair and equitable argument in confirmation brief. |
| 1/15/26 | AMCl | 2.20 | Draft brief in support of consensual confirmation under 1191(b). |
| 1/16/26 | LSRA | 1.10 | Revise brief in support of plan confirmation. |
| 1/16/26 | AMCl | 2.80 | Draft and revise brief in support of confirmation. |
| 1/16/26 | KRC | .60 | Analyzed indubitable equivalent arguments. |
| 1/18/26 | AMCl | .80 | Review seventh-circuit standard for indubitable equivalent with respect to replacement liens offered to secured creditors and confirmation of a chapter 11 plan. |
| 1/19/26 | LSRA | 1.30 | Continue revision of confirmation brief. |
| 1/19/26 | AMCl | 1.30 | Research and outline case law discussing indubitable equivalent under 1129(b)(2)(A)(iii). |
| 1/20/26 | KRC | .80 | Attention to confirmation strategy and supplementation to plan. |
| 1/21/26 | LSRA | 3.90 | Revise plan in light of potential settlement with Class 2 (1.9); draft contributing members' guaranty (1.4); call with contributing members regarding same (.6). |
| 1/21/26 | AMCl | 1.40 | Revise and prepare Class 4 and Class 5 Ballots for Contributing Members. |
| 1/21/26 | AMCl | 2.20 | Draft indubitable equivalent argument for brief in support of plan confirmation under 1191(b). |
| 1/21/26 | ILE | .50 | Prepare form guaranty. |
| 1/21/26 | ILE | .20 | Correspondence with Kim Clayson regarding form of guaranty. |
| 1/22/26 | LSRA | 6.20 | Continue draft of contributing members' guaranty (1.3); respond to client inquiries regarding same (1.3); prepare December MOR (.4); communications with Class 2 regarding potential resolution of plan objection (.4); revise liquidation analysis for plan (.8); draft pledge/security agreements regarding Class 2 collateral (2.0). |
| 1/22/26 | KRC | .60 | Attention to status request on settlement terms from opposing counsel. |

| Date | Atty | Hours | Description Of Services Rendered |
|------|------|-------|--------------------------------|
| 1/23/26 | LSRA | 1.50 | Work on settlement proposal for Class 2 creditors (1.7); Client discussion regarding same (.4); Prepare for calls with contractors (1.0); Call with contractors regarding settlement (.5); Draft motion to extend plan deadlines (1.5). |
| 1/23/26 | AMCI | .80 | Draft and revise brief in support of confirmation. |
| 1/23/26 | KRC | .80 | Telephone conference with Power and Bernhard counsel about Plan settlement terms. |
| 1/23/26 | KRC | .70 | Client discussion to prepare for call with Power and subs counsel on terms for replacement liens. (.4). Prepared notes for discussion (.3). |
| 1/25/26 | LSRA | 2.80 | Revise plan based on settlement with lienholders (.8); Draft Contributing Members Guaranty (2.0) |
| 1/26/26 | LSRA | 1.10 | Continue to draft contributing member guaranty (.9); call with J. Jin regarding account control agreements (.2) |
| 1/26/26 | JXJ | .20 | Call with L. Raiford to discuss pledging of principals' bank accounts and documentation structure. |
| 1/26/26 | KRC | .40 | Addressed Power and Bernhard questions regarding hearing and negotiations. |
| 1/27/26 | LSRA | 1.50 | Attend hearing on plan confirmation (.4); draft agreement for guaranty (1.1) |
| 1/28/26 | LSRA | 1.10 | Communications with Class 2 creditors regarding modified plan (.2); draft stipulation with Annexation regarding assumption of lease (.9) |
| 1/28/26 | ILE | .50 | Correspondence with Kim Clayson regarding Control Agreement. |
| 1/28/26 | ILE | .80 | Draft and revise deposit account control agreement. |
| 1/28/26 | KRC | .80 | Worked on guaranty documents for settlement with lien holders. |
| 1/29/26 | LSRA | 3.00 | Continue drafting of settlement documents. |
| 1/30/26 | LSRA | 1.30 | Draft confirmation order and related documents. |
| 2/02/26 | LSRA | 1.80 | Continue draft of confirmation order. |
| 2/05/26 | LSRA | 2.00 | Review contractor edits to amended plan. |
| 2/05/26 | KRC | .60 | Reviewed and analyzed Power and sub revisions to amended plan. |
| 2/06/26 | LSRA | 2.50 | Communication with client regarding plan status (.5); further revision of plan based on Class 2 requests (2.0) |
| 2/09/26 | LSRA | 3.70 | Call with Contributing Members regarding filing of modified plan (.8); work in finalizing plan and exhibits for filing (2.2); revise liquidation analysis (.2); call with Class 2 creditors regarding modified plan (.3) |
| 2/10/26 | LSRA | 3.50 | Continue to finalize plan documents and exhibits for filing. |
| 2/10/26 | KRC | .60 | Drafted plan objection extension motion and attention to revised plan. |
| 2/11/26 | LSRA | 1.20 | Attention to balloting issues. |
| 2/11/26 | KRC | .30 | Attention to balloting support for plan. |
| 2/12/26 | LSRA | 4.50 | Prepare ballot report. (.5); revise confirmation brief. (4.0) |

Client/File #: 122539/00003                                    Invoice #:  7074598

| Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|
| 2/12/26 | KRC | .30 | Attention to withdrawal of motion to extend. |
| 2/13/26 | LSRA | .50 | Revise confirmation order. |
| 2/15/26 | KRC | 1.40 | Reviewed and revised confirmation brief and confirmation order. |
| 2/16/26 | LSRA | 1.00 | Revise confirmation brief and order. |
| 2/17/26 | LSRA | 1.50 | Revise draft confirmation order (.8); communication with clients regarding status (.7) |
| 2/18/26 | LSRA | .60 | Finalize confirmation brief and order. |
| 2/25/26 | LSRA | 2.10 | Prepare for confirmation hearing (1.0); attend confirmation hearing (.3); communications with client regarding next steps (.8) |
| | | 224.50 | Sub Total |

TOTAL PROFESSIONAL SERVICES          $ 224,094.23

## COSTS ADVANCED

## COPYING

| Date | Description | Amount |
|---|---|---|
| 8/26/25 | Copying/printing | 24.60 |
| | Sub-Total of Expenses: | $ 24.60 |

## POSTAGE

| Date | Description | Amount |
|---|---|---|
| 7/31/25 | POSTAGE | 63.40 |
| 12/31/25 | Postage | 85.75 |
| 1/31/26 | Postage | 8.88 |
| 2/28/26 | Postage | 57.00 |
| | Sub-Total of Expenses: | $ 215.03 |

## COURT FEES

| Date | Description | Amount |
|---|---|---|
| 6/06/25 | Filing fee - Ch. 11 Bankruptcy Case - ND IL | 1,738.00 |
| | Sub-Total of Expenses: | $ 1,738.00 |

Client/File #: 122539/00003 | Invoice #: 7074598

## TOTAL COSTS ADVANCED $ 1,977.63

## TOTAL THIS INVOICE $ 226,071.86

### SUMMARY OF PROFESSIONAL SERVICES

| Name | Staff Level | Hours | Rate | Total |
|---|---|---|---|---|
| James R. Waggoner | Partner | 2.40 | 655.00 | 1,572.00 |
| Lawrence C. Rubin | Partner | 20.90 | 650.00 | 13,585.00 |
| Lauren E. Rankins | Partner | 1.70 | 600.00 | 1,020.00 |
| Landon S. Raiford | Partner | 174.30 | 700.00 | 122,010.00 |
| Jing Jin | Partner | .20 | 695.00 | 139.00 |
| Anthony M. Cimini | Associate | 97.10 | 396.11 | 38,462.28 |
| Ioana M. Guset | Associate | 8.40 | 590.00 | 4,956.00 |
| Ian L. Evans | Associate | 2.00 | 515.00 | 1,030.00 |
| Kimberly R. Clayson | Partner | 75.60 | 546.56 | 41,319.95 |
| **TOTALS** | | **382.60** | | **$ 224,094.23** |