UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 25bk08670 |
| Ani Roof LLC, | ) | Chapter 11 |
| Debtor(s). | ) | Judge Timothy A. Barnes |

# FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO TAFT STETTINIUS & HOLLISTER LLP, ATTORNEYS FOR THE DEBTOR, FOR ALLOWANCE AND PAYMENT OF FIRST AND FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $ 224,094.23 | TOTAL COSTS REQUESTED: | $ 1,977.63 |
| TOTAL FEES REDUCED: | $ 11,525.17 | TOTAL COSTS REDUCED: | $ 0.00 |
| TOTAL FEES ALLOWED: | $ 212,569.06 | TOTAL COSTS ALLOWED: | $ 1,977.63 |

TOTAL FEES AND COSTS ALLOWED: $ 214,546.69

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

(1) Insufficient Description – TOTAL of disallowed amounts: $ 4,182.48

The Court's review of items marked (1) indicates that the majority of offending entries provide a description, but one that is insufficient in nature – either too general, failed to indicate who a party was meeting with, or failed to indicate the actual task performed. As a result, while the Court determines that entire disallowance of such time entries is not appropriate, in order to promulgate appropriate billing practices, a reduction is required. Thus, the Court will impose a 10% penalty on all of the entries marked (1).*In re Pettibone*, 74 B.R. 293, 301 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("A proper fee application must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. [Citation omitted] Records which give no explanation of the activities performed are not compensable."); *In re Wildman*, 72 B.R. 700, 708-09 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) (same).

(2) Lumping – TOTAL of disallowed amounts (10% of affected entries): $ 850.48

The Court may impose a ten percent penalty on entries that appear to be "lumping." The Court will reduce each entry marked as such per the penalty. *In re Wildman*, 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. [citation omitted]. Each type of service should be listed with the corresponding specific time allotment.").

(3) Unreasonable Time – TOTAL of disallowed amounts: $ 6,218.93

The Court denies the allowance in part of compensation for the indicated task(s) since the professional or paraprofessional expended an unreasonable amount of time on the task(s) in light of the nature of the task(s), the experience and knowledge of the professional performing the task(s), and the amount of time previously expended by the professional or another on the task(s). *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman*, 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.*, 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (Squires, J.) (compensation limited to 5%); *see also In re Pettibone Corp.*, 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) (*citing Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (in nonbankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)). However, for applications for compensation that request total fees of $10,000.00 or less, this Court will allow compensation for the time devoted to the preparation of the fee application itself in the following manner: For the first $5,000.00 of total compensation requested, this Court will limit time devoted to preparation of the fee application to 10% of total compensation requested and will allow 5% of additional total compensation requested for time devoted to preparation of the fee application.

(4) Duplication of Services – TOTAL of disallowed amounts: $ 273.28

The Court denies the allowance of compensation for services that duplicate those of another professional or paraprofessional. *See* 11 U.S.C. § 330(a)(4)(A)(i). Reduction in fees is warranted if multiple attorneys from the same firm appear in court on a motion or argument or for a conference, unless counsel adequately demonstrates that each attorney present contributed in some meaningful way. *In re Pettibone*, 74 B.R. 293, 307 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("A debtor's estate should not bear the burden of duplication of services. If found in the record, such duplication shall be disallowed by the court as unnecessary."). It is also an accepted principle that generally no more than one attorney may bill for time spent in an intra-office conference or meeting absent an adequate explanation. *See In re Adventist Living Ctrs., Inc.*, 137 B.R. 701, 716 (Bankr. N.D. Ill. 1991) (Sonderby, J.); *In re Pettibone*, 74 B.R. at 303; *But see In re MEP Infrastructure Sols., Inc.*, 654 B.R. 922, 925 (Bankr. N.D. Ill. 2023) (Goldgar, J.) (incorrectly citing *In re Stainless Sales Corp.*, Case No. 17 B 3148, 2017 WL 2829675, at *2 (Bankr. N.D. Ill. June 27, 2017) (Barnes, J.) for the proposition that intra-office meetings between multiple lawyers are never compensable when *Stainless* cites to *Pettibone* for the foregoing—that an application must "adequately demonstrate[] that each attorney present contributed in some meaningful way" and thus satisfy 11 U.S.C. § 330(a)(3)(D) by demonstrating that the meeting is "necessary" or "beneficial" and must have taken a "reasonable amount of time.").

Dated: September 9, 2026

Judge Timothy A. Barnes
United States Bankruptcy Court

**PROFESSIONAL SERVICES RENDERED**

Case Administration

| | Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|---|
| (1) | 6/06/25 | LCRU | 1.20 | Issues regarding bankruptcy filing; emails to opposing counsel. |
| (1) | 6/06/25 | LSRA | 1.30 | Client call regarding bankruptcy filing; finalize documents for bankruptcy filing. |
| (1) | 6/06/25 | KRC | 3.00 | Prepared, reviewed and revised schedules and exchange of several emails with client and co-counsel in preparation for case filing. |
| | 6/09/25 | LCRU | 1.10 | Court apperance in Annexation litigation. |
| | 6/09/25 | LSRA | 1.00 | Follow-up w client regarding filing and next steps and upcoming deadlines. |
| | 6/09/25 | KRC | 1.00 | Reviewed IDI letter, order for status conference and prepared notes to L. Raiford for client email on dates and deadlines. |
| | 6/10/25 | LSRA | .80 | Call with case trustee regarding case status and outlook (.3); follow up with client regarding banking and insurance requirements (.2); review Taft retention motion (.2) |
| | 6/10/25 | KRC | 1.00 | Reviewed balance sheet and other support documents (.5); attention to outstanding schedules completion (.5). |
| | 6/11/25 | LCRU | .60 | Taft meetings regarding restructuring. |
| (2) | 6/13/25 | LSRA | 1.10 | Continue to address needed information for schedules and SOFA. |
| | 6/16/25 | LCRU | .40 | Taft meetings to discuss restructuring, and path forward. |
| | 6/16/25 | LSRA | .90 | Meeting with L. Rubin regarding plan strategy and timeline (.4); follow-up with client regarding pulling of needed financial information (.2); work with client on post-petition account issue (.3) |
| | 6/17/25 | LSRA | .50 | Prepare UST required reports (.5); communications with client regarding same (.2). |
| (1) | 6/18/25 | AMCI | 2.00 | Draft Motion to extend time to file schedules and statement of financial affairs |
| | 6/19/25 | LSRA | .50 | Review motion to extend time to file schedules (.3); review draft of schedules (.2). |
| (1) | 6/19/25 | AMCI | 3.20 | Draft, revise, and edit motion to extend time to file schedules and SOFA |
| | 6/19/25 | AMCI | .80 | Email correspondence with L. Raiford and K. Clayson regarding motion to extend time to file schedules and SOFA |
| | 6/20/25 | LSRA | .40 | Call with client regarding documentation needed to finalize schedules and SOFA. |

| Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|
| 6/20/25 | AMCI | .60 | Revise Motion to extend time to file schedules and SOFA |
| 6/20/25 | AMCI | .60 | Email correspondence with L. Raiford and K. Clayson regarding motion to extend time for schedules; telephone conference with K. Kelsey-Dennis regarding filing same |
| 6/23/25 | LSRA | .90 | Work with team on preparation of schedules and related documents (.4); communication with UST regarding motion to extend time to file schedules and SOFA (.5) |
| 6/23/25 | KRC | 1.80 | Draft and preparation of schedules and statements for schedules completion. |
| 6/24/25 | LSRA | 1.20 | Review and revise schedules and statement of financial affairs. |
| 6/24/25 | KRC | 1.80 | Reviewed additional documents provided by client (1.1), updated schedules based on same (.7). |
| (2) 6/25/25 | KRC | 3.80 | Discussed schedules, revisions and proceedings with client (1.8); attention to finalizing revisions to schedules for filing (2.0). |
| 6/26/25 | LCRU | .60 | Emails and phone calls with BK team regarding schedules and SOFA. |
| 6/26/25 | LSRA | .80 | Attend initial debtor interview with UST. |
| 6/27/25 | KRC | 1.00 | Started daft and preparation of status conference report. |
| 7/02/25 | LSRA | .80 | Call with J. Morgan regarding upcoming 341 meeting (.3); communication with UST regarding upcoming request to incur subordinated debt (.5). |
| 7/03/25 | AMCI | 1.10 | Draft status conference report |
| 7/05/25 | AMCI | .30 | Email correspondence with K. Clayson regarding status conference report; review same |
| 7/07/25 | LSRA | 2.20 | Communicate with client regarding case update, and preview of next steps over the next month of the case (.5); Attend 341 meeting of Ani Roof (1.0); Review and review case status report for filing with court (.7). |
| 7/07/25 | AMCI | .70 | Revise status report |
| 7/07/25 | KRC | 1.00 | Attention to revisions and editing of status conference report. |
| 7/15/25 | LSRA | 1.20 | Prepare monthly operating report for June. |
| 7/17/25 | LSRA | .20 | Call with L. Rubin regarding case status. |
| 7/28/25 | LSRA | 1.00 | Client call regarding plan strategy and approach. |
| 8/18/25 | LSRA | .50 | Prepare July MOR. |
| 8/20/25 | KRC | .80 | Client call to discuss status report. |
| 8/21/25 | LSRA | .40 | Finalize July MOR and accompanying status report for filing. |
| 8/21/25 | KRC | .20 | Reviewed status report update and exchanged emails with client. |
| 9/05/25 | AMCI | .40 | Review previous example of motion in support of confirmation to help construct outline |

| Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|
| 6/06/25 | AMCI | .80 | Review Application to Employ Taft (0.3); revise and finalize affidavits for K. Clayson and L. Raiford; email correspondence with K. Clayson regarding same (0.5) |
| (1) 6/09/25 | AMCI | 2.30 | Draft and revise Application to Employ Taft and related pleadings (2.0); email correspondence and conference with K. Clayson regarding same (.3). |
| 6/09/25 | KRC | .80 | Reviewed and revised employment application. |
| 6/10/25 | AMCI | 1.10 | Draft and revise Application to Employ Taft. |
| 6/11/25 | AMCI | .80 | Email correspondence, telephone conference, and conference with K. Clayson and R. Laiford regarding edits to App to Employ Taft and filing same |
| 6/11/25 | AMCI | 1.20 | Draft and revise App to Employ Taft |
| 6/11/25 | KRC | .50 | Attention to firm employment application. |
| 6/25/25 | LSRA | .50 | Attend hearing on motion to retain Taft. |
| 7/02/25 | LSRA | .30 | Attended hearing on motion to retain Taft, motion to extend time to file schedules and motion by subchapter V Trustee regarding retainer. |
| | | 8.30 | Sub Total |

Assumption/Rejection of Leases and Contr

| Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|
| 8/26/25 | LSRA | .50 | Address argument raised by Annexation regarding cure of lease default. |
| 8/27/25 | LSRA | .90 | Continue review of Annexation argument regarding lease assumption under proposed plan. |
| 8/27/25 | AMCI | .40 | Email correspondence with L. Raiford and K, Clayson regarding assumption of the Annexation LLC lease as part of the plan and issues debtor must overcome related to prepetition mechanics liens on the premises. |
| 8/27/25 | AMCI | 2.20 | Research issues related to assumption of Annexation LLC lease under 365(b). |
| 8/28/25 | AMCI | 1.70 | Research case law discussing time frame to cure default for assumption of lease (.7); how courts have addressed assumption of lease with a mechanics lien (1.0). |
| 8/28/25 | AMCI | .30 | Conference with K. Clayson regarding assumption of lease issue and legal strategy as to such in plan |
| 8/29/25 | AMCI | 2.00 | Research and review case law discussing cure timeliness and business judgment rule analyses for assumption of pre-petition leases (.5); draft memo regarding same (1.5). |

| Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|
| | | 27.70 | Sub Total |

Financing/Cash Collections

| | Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|---|
| (2) | 6/26/25 | AMCI | 3.50 | Draft Motion to incur debt from Ani Roof members to pay July to October rents (3.0); tlephone conference and email correspondence with K. Clayson regarding same (.5). |
| | 6/27/25 | LSRA | 1.30 | Review and revise motion for debtor to incur subordinated debt. |
| | 6/27/25 | AMCI | .60 | Email correspondence with L. Raiford and K. Clayson regarding motion to incur debt |
| (1) | 6/27/25 | AMCI | 4.00 | Draft, edit, and revise motion to incur debt |
| | 6/27/25 | KRC | 1.90 | Telephone call with client and exchange of emails regarding motion to incur (.4). Reviewed and revised motion to borrow (1.5). |
| | 6/30/25 | AMCI | 1.60 | Conference with K. Clayson and telephone conference with L. Raiford regarding motion to incur debt (.4); revise, edit, and prepare motion to incur debt for filing (1.2). |
| | 7/01/25 | AMCI | .40 | Draft and revise motion to incur debt for filing |
| | 7/02/25 | LSRA | 1.00 | Review and revise motion to incur subordinated debt. |
| (1) | 7/02/25 | AMCI | 2.30 | Draft, revise, and prepare motion to incur debt for filing |
| | 7/02/25 | AMCI | .80 | Email correspondence and telephone conference with L. Raiford regarding edits to motion to incur, and preparing to file such |
| | 7/02/25 | AMCI | .20 | Email correspondence with J. Morgan regarding review of revised motion to incur debt and declaration. |
| | 7/06/25 | AMCI | .20 | Email correspondence with L. Raiford and K. Clayson confirming receipt of Docusigned Declaration in support of Motion to Incur Debt |
| | 7/07/25 | LSRA | .70 | Further revisions to motion to approve incurrence of subordinated debt. |
| (1) | 7/07/25 | AMCI | 2.00 | Revise, edit, and assemble motion to incur debt for filing |
| | 7/07/25 | AMCI | 1.50 | Email correspondence and conference with K. Kelsey-Dennis and K. Clayson regarding motion to incur debt (1.3); email correspondence with L. Raiford regarding same (.2). |
| | 7/22/25 | LSRA | 1.50 | Attend hearing on case status and motion to incur subordinated debt . |
| | 8/11/25 | LCRU | .30 | Phone call with BK team regarding status of financing and plan. |
| | 8/20/25 | LSRA | .70 | Address argument of potential lien avoidance. |
| | 8/21/25 | KRC | 2.00 | Review of investor subscription memorandum and attachments. |

| | Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|---|
| | 8/27/25 | JRWA | 1.30 | Review and analysis of private placement memorandum and subscription agreement (1.0); conference with K. Clayson and L. Raiford regarding same (.3). |
| | 10/15/25 | LSRA | 1.40 | Communications with principals regarding status of fundraising efforts and plan amendment. |
| | 11/03/25 | AMCI | .40 | Email correspondence with Corporate team regarding memorialization of Members' capital contribution into Debtor to help fund operations. |
| | 11/05/25 | JRWA | .40 | Review Capital Fund Agreement. |
| | 11/10/25 | JRWA | .40 | Review provisions of Operating Agreement relating to additional capital contributions. |
| | 11/11/25 | JRWA | .30 | Conference with K. Clayson regarding notice requirements set forth in Operating Agreement. |
| (1) | 12/12/25 | LCRU | .40 | Email and phone call regarding timing and contributions. |
| | | | 31.10 | Sub Total |

Claims and Plan

| | Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|---|
| | 6/11/25 | LSRA | .60 | Respond to client inquiries regarding dispute with member who has failed to pay equity contribution. |
| | 7/09/25 | LSRA | 1.00 | Begin outline of potential proposed plan of reorganization. |
| (2) | 7/28/25 | LCRU | .70 | Phone call and conference LR. |
| | 8/20/25 | LSRA | .50 | Draft status report. |
| | 8/20/25 | LSRA | 1.00 | Call with client regarding status of fund raising efforts and draft of plan. |
| (2) | 8/28/25 | LCRU | .70 | Zoom conference call with Landon Raiford. |
| (1) | 9/03/25 | LCRU | .70 | Email and phone call regarding claims against LLC interest. |
| (1) | 9/04/25 | LCRU | .70 | Plan draft, email and phone call. |
| | 9/05/25 | LSRA | 1.00 | Address strategy for case post filing of plan. |
| | 9/05/25 | LSRA | .40 | Email to I. Guset regarding dispute with HOA and needed research. |
| | 9/05/25 | IG | .40 | Draft and receive email correspondence to/from L. Raiford on issues related to membership dispute. |
| | 9/05/25 | KRC | 1.40 | Reviewed and compiled support records for causes of action against pre-petition member. |
| (1) | 9/08/25 | LCRU | .40 | Email and phone call regarding plan and response. |

Client/File #: 122539/00003 Invoice #: 7074598

| | Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|---|
| | 9/08/25 | IG | 3.60 | Review and critically analyze operative agreement and documents received from clients (2.20); review and analyze case Limited Liability Act and case authorities on fiduciary duty (1.40). |
| | 9/09/25 | IG | .80 | Review documents received from client as well as Illinois Limited Liability Act to prepare for call with L. Raiford (.50); conference call with L. Raiford regarding same (.30). |
| | 9/10/25 | IG | 1.50 | Research and review authorities on potential causes of action for failure to make initial contributions (1.50). |
| | 9/11/25 | LSRA | .40 | Review research on potential claim against HOA for unpaid contribution. |
| | 9/11/25 | IG | 2.10 | Review and analyze case authorities and draft summary or research for issue related to member of LLC that fails to put in its contribution. |
| (1) | 9/29/25 | LCRU | .50 | Restructuring, review of emails and conference. |
| | 10/14/25 | LSRA | .50 | Attend status hearing (.5). |
| | 10/14/25 | LSRA | .60 | Conversation and follow up with subcontractor attorney (.6). |
| | 11/03/25 | LCRU | .70 | Email and phone call with L. Raiford regarding Power construction issues. |
| | 11/14/25 | AMCI | .80 | Revise and edit proposed order approving hearing notice, solicitation and tabulation procedures for ballots, and setting hearing on confirmation |
| | 11/20/25 | LCRU | 1.10 | Email and phone call with K. Clayson regarding subcontractor lien claims. |
| | 11/21/25 | LCRU | 1.10 | Emails and phone calls with Bankruptcy team regarding creditor and subcontractors claims. |
| | 12/09/25 | LSRA | 1.90 | Draft motion to assume Annexation lease. |
| (1) | 12/22/25 | LSRA | 2.60 | Research indubitable equivalent standard and write up of same. |
| | 12/22/25 | KRC | 1.00 | Attention to preparing comparison of plan terms versus construction foreclosure to prepare communication to Power and subs. |
| | 12/22/25 | KRC | .40 | Client meeting to discuss replacement liens under plans and objections to same by Power et al. |
| (2) | 12/23/25 | LERA | .40 | Phone call to review and analyze lien priority issues. |
| | 12/23/25 | KRC | 1.80 | Attention to and preparation of outline of potential construction lien foreclosure comparison to chapter 11 plan as proposed. |
| | 12/29/25 | LERA | .80 | Review and analyze mortgage recording date and lien priority issues. |
| | 12/29/25 | LSRA | .70 | Work with K. Ross Clayson regarding contractor's lien priority issues. |
| | 12/30/25 | LERA | .50 | Continued to review and analyze burden of proof issues related to priority of lien claims. |
| | | | 33.30 | Sub Total |

Plan and Disclosure Statement

| | Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|---|
| | 7/15/25 | LSRA | .30 | Attention to potential structure of plan of reorganization. |
| | 7/28/25 | KRC | 1.00 | Client meeting to discuss plan terms and strategy. |
| | 7/31/25 | AMCI | .40 | Research satisfaction effect of 1126(g) on confirmation of a sub V plan; research and review 1129 and discuss same with K. Clayson |
| | 8/06/25 | KRC | .50 | Started on draft and preparation of subchapter V plan. |
| (2) | 8/07/25 | KRC | 2.50 | Draft and preparation of plan of reorganization. |
| | 8/08/25 | LSRA | 1.20 | Review initial draft of reorganization plan. |
| (2) | 8/19/25 | KRC | 1.00 | Draft and preparation of plan. |
| | 8/20/25 | KRC | 1.80 | Attention to plan including edits and revisions to plan structure. |
| (2) | 8/22/25 | KRC | 1.50 | Worked on revisions and updates to draft plan. |
| | 8/25/25 | LCRU | .80 | Conferences and phone call with L. Raiford regarding status of plan. |
| | 8/26/25 | AMCI | .20 | Conference with K. Clayson regarding case status and contents of debtor's plan |
| (2) | 8/26/25 | KRC | 2.00 | Further revisions and updates to plan. |
| (1) | 8/27/25 | LCRU | .70 | Conference with L. Raiford; review of proposed plan. |
| | 8/27/25 | LSRA | 1.90 | Calls with client regarding status of plan of reorganization and its proposed payment to creditors. |
| | 8/27/25 | KRC | 1.00 | Client strategy call regarding plan. |
| (2) | 8/27/25 | KRC | 1.50 | Plan edits based on client call. |
| | 8/29/25 | LSRA | .50 | Revise plan of reorganization. |
| (2) | 8/29/25 | KRC | 1.80 | Worked on updates to Ani Roof plan. |
| (1) | 9/02/25 | LCRU | .80 | Emails and phone calls with Bankruptcy team regarding proposed plan. |
| | 9/02/25 | LSRA | .60 | Address issue regarding timing for payment of Power Construction. |
| | 9/02/25 | KRC | 1.00 | Reviewed notes from client for plan revisions (.6); internal meeting to discuss plan strategy regarding construction lien creditor (4). |
| (2) | 9/03/25 | LSRA | 3.90 | Work with K. Ross-Clayson regarding potential replacement liens for Power (.2); call with client representatives regarding draft plan and proposed modifications (1.9); call with L. Rubin regarding potential claim against HOA (.3); revise plan of reorganization based on client comments (1.5). |
| | 9/03/25 | KRC | 2.00 | Client call to discuss plan terms and strategy. |
| (2) | 9/03/25 | KRC | 2.50 | Review and revise plan. |
| | 9/04/25 | LSRA | 1.90 | Review of revised guaranty acknowledgement |
| (1) | 9/04/25 | AMCI | 2.80 | Revise, review, and edit chapter 11 plan. |

Client/File #: 122539/00003 Invoice #: 7074598

| | Date | Atty | Hours | Description Of Services Rendered |
|---|---|---|---|---|
| (1) | 9/04/25 | AMCI | .70 | Email correspondence with K. Clayson and L. Raiford regarding chapter 11 plan revisions; telephone conference with L. Raiford regarding same. |
| (2) | 9/04/25 | KRC | 1.40 | Revised plan. |
| | 9/04/25 | KRC | 4.80 | Client meetings regarding plan (2.8); reviewed and revised plan for final draft and submission (2.0). |
| | 9/05/25 | AMCI | .20 | Email correspondence with L. Raiford regarding motion in support of plan procedures. |
| (3) | 9/11/25 | AMCI | 1.20 | Draft motion to schedule confirmation and approve voting and noticing procedures. |
| (3) | 9/12/25 | AMCI | 1.10 | Draft motion to schedule confirmation and approve voting and noticing procedures. |
| | 9/15/25 | LSRA | .40 | Prepared for status hearing on plan of reorganization (.2); call w L. Rubin regarding same (.2). |
| | 9/15/25 | AMCI | .20 | Conference with K. Clayson regarding motion to set confirmation hearing date et al. |
| (3) | 9/15/25 | AMCI | 2.10 | Draft motion to set confirmation hearing date and related deadlines, and voting procedures. |
| | 9/16/25 | AMCI | .30 | Email correspondence with L. Raiford regarding motion for confirmation hearing and voting procedures. |
| (3) | 9/16/25 | AMCI | 6.00 | Draft and edit motion to set confirmation hearing and approval of voting procedures (1.8); draft ballots and voting instructions for each voting class, and notice for non-voting classes (4.2). |
| | 9/16/25 | KRC | .40 | Attention to confirmation issues and confirmation strategy. |
| | 9/17/25 | LSRA | .70 | Call with trustee and J. Morgan and J. Kaplan regarding proposed plan and pro forma. |
| (1) | 9/17/25 | AMCI | 2.60 | Draft, edit, and review draft of motion for confirmation hearing, ballots, et al |
| (1) | 9/17/25 | AMCI | .80 | Email correspondence with T. Torni regarding formatting issue on motion for confirmation hearing, ballots, et al, and complete draft preparation; email correspondence with L. Raiford regarding first full draft |
| | 9/25/25 | LSRA | .30 | Call with J. Morgan regarding status of negotiations with Power Construction. |
| | 9/26/25 | KRC | .20 | Touched base with Power counsel about plan terms. |
| | 9/29/25 | KRC | .60 | Telephone call with Power Construction counsel regarding resolving potential plan objections (.3). Recap email to follow up on the same to client (.3). |
| | 10/06/25 | LCRU | .80 | Email and phone call with Bankruptcy team regarding revisions to plan. |
| | 10/06/25 | LSRA | .50 | Communications with members regarding plan update. |